**Juanita Ann WRIGHT**

v.

**The CREDIT BUREAU OF GEORGIA, INCORPORATED; Martha Phillips, in her capacity as agent for The Credit Bureau of Georgia, Incorporated.**

**Civ. A. No. C81–2338A.**

United States District Court, N.D. Georgia, Atlanta Division.

Feb. 3, 1983.

Donald M. Coleman, Decatur, Ga., for plaintiff.

G. Lee Garrett, Jr. of Hansell, Post, Brandon & Dorsey, Atlanta, Ga., for defendant.

ORDER

RICHARD C. FREEMAN, District Judge.

This action under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C.

§ 1692 *et seq.,* is before the court on the defendants' motion for reconsideration and the plaintiff's opposition thereto. Defendants ask this court to set aside the part of this court's order of September 29, 1982, 548 F.Supp. 591, that granted the plaintiff's motion for partial summary judgment and denied the defendants' motion for summary judgment as to the issue of whether, in attempting to collect an alleged debt from the plaintiff, defendants used the name of defendant Credit Bureau, Incorporated of Georgia (CBI) in a manner that violated section 1692e of the FDCPA.

In the September 29, 1982, order, this court held that in determining whether statements made by debt collectors tended to deceive, this court should consider the effect of those statements on an unsophisticated consumer. Applying that standard, this court held that the defendants' prominent use in its collection letters of the term "credit bureau" and its less noticeable identification of the collection division as the source of the letters would communicate an implicit threat to an unsophisticated consumer that defendants intended to relay to a credit reporting agency information regarding the results of its attempts to collect from the plaintiff; that the defendants did not intend to relay such information; and that the defendants had therefore deceived the plaintiff by threatening to engage in an action that they did not intend to take, in violation of section 1692e. This court thus agreed with the plaintiff's contention that section 1692e requires CBI to make no disclosure of the consumer reporting aspect of its business unless it clearly explains the relationship that aspect bears to its collection efforts or otherwise dispels any false threat that a failure to pay a debt will result in harm by the defendants to the consumer's credit rating.

In their motion for reconsideration, the defendants argue first, that the court has applied an incorrect standard to determine whether their letters were deceptive, and, second, that to the extent their manner of using the term "credit bureau" in their letters implies that a failure to pay one's bills will harm one's credit rating, such a message is "neither false nor deceptive, but is a frank recognition of a fact of life." Defendants' Brief in Support of Their Motion for Reconsideration (Defendants' Brief) at 5.

In opposition, the plaintiff argues that the defendant is unfairly using its identity as a credit reporting agency to its advantage in its collection operation because an individual consumer unfamiliar with the defendant's operations would be unable to make a distinction between CBI's two divisions and would logically presume the two divisions acted in concert. An unsophisticated recipient of the defendants' letters, the plaintiff argues, would reasonably perceive in the letters a threat to his credit rating.

The court has reviewed its order of September 29, 1982, in light of the parties' arguments. By any light, the issue presented on this motion is a close one. Upon careful reconsideration, however, the court has concluded that its previous decision that the defendants' letters violated the FDCPA was incorrect and therefore will grant the defendants' motion.

In determining the appropriate standard to be applied, this court noted that the appropriate test was the subject of some dispute.

The district court in *Bingham v. Collection Bureau, Inc.,* 505 F.Supp. 864 (D.N.D. 1981), held that to determine whether a statement by a debt collector is false, deceptive, or misleading, the court "should look not to the most sophisticated readers but to the least," 505 F.Supp. at 870 (*citing Exposition Press, Inc. v. FTC,* 295 F.2d 869, 873 (2d Cir.1971)), and therefore the court must find section 1692e violated if "debtors on the low side of reasonable capacity who read a given notice or hear a given statement read into the message oppressiveness, falsehood or threat." *Id.* at 871. Defendants urge this court to apply instead the standard announced in *Blackwell v. Professional Business Services,* 526 F.Supp. 535 (N.D.Ga.1981) (Tidwell, J.), in which the

district court expressly rejected the *Bingham* test as too stringent, and held that a court must measure alleged violations of the FDCPA by looking to "whether a reasonable consumer would be deceived or misled by particular language." *Id.* at 537–38.

Order of September 29, 1982, at 12. Comparing the opinions of the *Bingham* court, which drew its standard from cases involving allegations that particular language was false or deceptive, and the opinion of the *Blackwell* court, which derived its standard from truth-in-lending cases, this court concluded that "regardless of whether the appropriate standard is expressed by the term 'reasonable consumer' or the term 'debtors on the low side of reasonable capacity,' the court must gauge the tendency of a debt collector's language to deceive by use of a standard that protects 'the unsophisticated.'" *Id.* at 14.

In light of the defendants' continuing objection to the standard applied in this court's previous order, the court is constrained to explain further its understanding of the appropriate test. This court has not rejected out-of-hand the "reasonable consumer" standard. Instead, this court declined to follow the *Blackwell* court only to the extent that the *Blackwell* reasonable consumer standard may be applied in a manner that does not take into account that the recipients of a debt collector's letters include both unsophisticated and sophisticated consumers. This court considers the term "reasonable consumer" an appropriate appellation for the objective standard to be applied, so long as that standard encompasses protection for "the unsophisticated or uneducated consumer." *See Bustamante v. First Federal Savings & Loan Ass'n,* 619 F.2d 360, 364 (5th Cir.1980).

Although the use of the term "credit bureau" may indeed cause a consumer to conclude that CBI is a credit reporting agency capable of affecting the consumer's credit rating, the text of each letter sent by the defendants and the appearance of the name "CBI COLLECTIONS" at the bottom of each letter and on the return envelope sufficiently inform the consumer that he has received only a dunning letter and not a threat to relay credit information to a credit reporting agency. If the defendants' letters contain any threat to a consumer's credit rating, the threat is at most a statement that the results of the defendants' collection efforts may some day affect the debtor's credit rating. Thus the letters convey no specific threat greater than the well-known fact, recognized by all consumers, regardless of the degree of their sophistication, that a failure to pay one's bills will affect his ability to obtain credit in the future. Such a threat does not violate the FDCPA. *Harvey v. United Adjusters,* 509 F.Supp. 1218, 1221 (D.Ore.1981). Moreover, the term "credit bureau" has appeared in CBI's name for at least forty-five years and was not selected with the unstated intent to deceive consumers. Rather, the name was chosen because it accurately reflects CBI's purposes and activities as both a credit reporting agency and a debt collection bureau. Affidavit of William Fokes, dated November 12, 1982; Defendants' Brief at 3.

For the above reasons, the court concludes that the defendants' letters communicate no impermissible threat to a consumer's credit rating and therefore do not violate section 1692e. The court will grant the defendants' motion for reconsideration of the part of this court's order granting summary judgment for the plaintiff on the issue of whether the defendants' letters violate the FDCPA and denying the defendants' motion for summary judgment on the same issue.

Accordingly, the defendants' motion for reconsideration is GRANTED. Plaintiff's motion for summary judgment as to the issue of whether the defendants' letters violate the FDCPA is DENIED. Defendants' motion for summary judgment as to the same issue is GRANTED.

IT IS SO ORDERED.