KLECZY, APPELLANT *v.* FIRST
FEDERAL CREDIT CONTROL, INC.
ET AL., APPELLEES.

(No. 1097—Decided
November 16, 1984.)

*David Hazelkorn,* for appellant.
*Bruner & Shafran* and *Michael Shafran,* for appellees.

DAHLING, J. This is an appeal from a judgment of the Court of Common Pleas of Geauga County, in which the court, after a full trial, found that the plaintiff-appellant, Rudolph Kleczy, Sr., had suffered no damages and dismissed the complaint. We reverse and remand for further proceedings.

Plaintiff-appellant's adult daughter gave birth to a child. The child was in poor health and after attempted life-saving medical treatment, he expired. Although the appellant's daughter was an independent adult, she was carried on the insurance policy of the appellant. The appellant's insurance carrier paid the majority of the medical expenses incurred by the appellant's daughter. Pediatric Associates held a balance due of forty-three dollars owed for services rendered. They submitted a bill to the appellant for the balance which was not paid. Pediatric Associates turned the account over to the defendant-appellee First Federal Credit Control, Inc. for collection on December 11, 1979.

On December 20, 1979, the appellee sent the appellant a "validation of debt notice" requesting payment of the debt within a specified period of time. The appellant did not receive this letter. On February 6, 1980, the appellant was sent an "attorney letter" stating that if the attorney did not hear from the appellant within seven days, further action would follow.

On May 8, 1981, the appellee sent another letter to the appellant regarding the forty-three dollar bill. This letter was sent to the appellant's place of employment. On May 14, 1981, the appellant's wife called the offices of the appellee to explain that the appellant was not legally obligated to pay the bill. The appellee again demanded payment.

As a result of the actions of the appellee, the appellant testified that he suffered great emotional distress which culminated in his divorce from his wife. This suit followed wherein the appellant contends that the appellees violated Section 1692, Title 15, U.S. Code. At trial, the court found, "that the appellant suffered no damage as a result of any violations by the appellee of 15 USC 1692 et

seq." Thereafter, the complaint was dismissed at appellant's cost. This appeal followed.

### Assignment of Error No. I

"I. The trial court erred in not finding that the Defendants' admittedly rude and abusive telephone calls violated the Fair Debt Collection Practices Act."

The appellant's first assignment of error is without merit.

The appellant contends that the May 8, 1981 letter sent to the appellant by the appellee threatening "further action" and the appellee's response to a phone call made by the appellant's spouse constituted a violation of Section 1692, Title 15, U.S. Code.

The appellant's wife was the person allegedly subjected to the abusive telephone conversations of the appellee. The appellant's spouse, not a party to this case, would be the proper person to assert the claim of violation. The appellant failed to document, with proper evidence, proof of the existence of the abusive phone calls. In the absence of the proper party claiming damage and lack of proof on that issue, the court properly found no violation of the code.

### Assignment of Error No. II

"II. The trial court erred in not finding that the Defendants attempted to collect more than was legally owed by the Plaintiff."

The appellant's second assignment of error is without merit.

The appellant contends that the appellee violated the code by attempting to collect an amount from the appellant which was in excess of what was legally owed.

There is no dispute concerning the amount of forty-three dollars being the correct amount due on the account of the Pediatric Associates. The dispute revolves around the party legally responsible for its payment. The facts reveal that despite the oral representations of the appellant that he was not responsible for the balance due, all of the documentary evidence suggests that he was. Specifically, plaintiff's exhibit 7 lists the appellant as the responsible party. On these facts, the appellee's attempts to collect on the account cannot be found to be violative of the code.

### Assignment of Error No. III

"III. The trial court erred in not finding that the Defendants' use of aliases, pseudonyms, assumed names, 'desk' names, and other fictitious names was not contrary to law."

The appellant's third assignment of error is without merit.

The appellant contends that the appellee's use of an alias or "desk name" violates Section 1692d(6), Title 15, U.S. Code.

The contention is not supported by recent case law which tends to suggest that desk names may be used where the real name of the caller is the only fact which is not truthfully disclosed. *United States* v. *Credit Bureau of Georgia* (Sept. 29, 1982), N.D. Ga. No. C81-23 38A, unreported, states:

"Section 1692d is designed to prohibit all forms of harassment, oppression, and abuse by debt collectors; subsections (1) through (6) of that section contain specific instances of prohibited conduct. It would be inconsistent with the broad prohibition of the section to construe any one of the enumerated instances to forbid conduct that does not naturally tend to harass, oppress, or abuse. Although there are many ways that anonymous telephone calls may be used to harass consumers into cooperating with debt collectors, the use of an alias by an individual debt collector who otherwise accurately discloses the name of her employer can hardly be termed harassment, oppression, or abuse. Rather, the 'meaningful disclosure' required by § 1692d(6) has been made if an individual debt collector who is

employed by a debt collection company accurately discloses the name of her employer and the nature of her business and conceals no more than her real name."

This assignment of error is, therefore, without merit.

### Assignment of Error No. IV

"IV. The trial court erred when it did not find that the Defendants had threatened actions which they did not intend to take."

The appellant's fourth assignment of error is without merit.

The appellant contends that Section 1692e(5), Title 15, U.S. Code, was violated by the appellee where it threatened to take "further action" as none was intended.

This contention is without merit. The words "avoid further action" are not sufficiently threatening as to constitute violation of the code. The U.S. Code prohibits threats to take action which is not legally possible or is not intended to be taken. The appellee took further action in this case. Additional letters were sent to the appellant demanding payment. The court properly found by the manifest weight of the evidence that the words used by the appellee did not violate the U.S. Code.

### Assignment of Error No. V

"V. The trial court erred in not finding that the Defendants had intentionally inflicted emotional distress."

This assignment of error is with merit.

Appellee mailed a collection letter addressed as follows:

"Rudy Kleczy
c/o Johnson Rubber Co.
16025 Johnson
Middlefield, Ohio 44062"

Printed or rubber stamped on the face of the envelope in large print with red ink there was a notation "Personal & Confidential." Inserted in the envelope was a return typed envelope. Printed on one side was "Pediatric Association balance due $43."

On the other side in bold print all capitalized was "FINAL DEMAND FOR PAYMENT." This was designed to be easily read through the back of the cover envelope. The consequence is that the cover envelope with the words "Personal & Confidential" on the face would create interest from the management at Johnson Rubber Company. They then could easily read through the back of the envelope, "FINAL DEMAND FOR PAYMENT." The balance of the message is nearly impossible to read through the cover envelope.

However, the printing "First Federal Credit Control, Inc." is easily read through the cover envelope.

The circumstances were such that a reasonable person, in appellant's position, would be humiliated and embarrassed. The motive of appellee was clearly to coerce appellant to pay a bill he did not owe.

Section 1692c, Title 15, U.S. Code, provides in part:

"(a) Without prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt * * * (3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication."

This assignment of error is with merit.

### Assignment of Error No. VI

"VI. The trial court erred in finding that the Plaintiff had not received any offensive letters."

The appellant's sixth assignment of error is without merit.

The issue contained in this assignment of error was addressed in the resolution of assignments of error three

and four, and was found to be without merit.

### Assignment of Error No. VII

"VII. The trial court erred in finding 'that the Plaintiff suffered no damages as a result of any violations by the Defendant [of] 15 U.S.C. 1692 et seq.' "

The appellant's seventh assignment of error is without merit.

The issue contained in this assignment of error was addressed in the first assignment of error and was found to be without merit.

### Conclusion

The court in its judgment entry made six findings. However, none make reference to the collection letter sent to appellant at Johnson Rubber Company. We find appellee is liable for any mental and emotional stress, embarrassment, and humiliation caused by this letter.

The court found that appellant testified he suffered much emotional stress. However, the court then dismissed the complaint without awarding appellant any damages.

We reverse and remand the case to the trial court for further proceedings on damages.

*Judgment reversed and cause remanded.*

FORD, J., concurs.

COOK, P.J., dissents.