**Justine CATHERMAN, also known as Tina Catherman**

v.

**CREDIT BUREAU OF GREATER HARRISBURG.**

**Civ. A. No. 85–2296.**

United States District Court, E.D. Pennsylvania.

April 8, 1986.

**694**

K. Tucker Landon, Pottsville, Pa., for plaintiff.

Richard C. Rubin, Harrisburg, Pa., for defendant.

### MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

The instant action, brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA), requires the Court to determine whether language in two notices sent to the plaintiff by the defendant in an attempt to collect a debt is unfair, unconscionable or deceptive.

The first notice in issue was sent on December 26, 1984, and includes the following:

Will you be able to get credit when you really need it? In case of emergency will you be denied credit because of this unpaid account we have for collection: DO NOT TAKE A CHANCE—Send the balance today. (Complaint, Exhibit A).

Plaintiff contends that the foregoing language is an unfair/unconscionable means of collection prohibited by § 1692f in that it implies that the outstanding debt will result in an inability to obtain credit when it might be essential, in an emergency. Moreover, plaintiff argues, the notice impermissibly blurs the distinction between the Credit Bureau's collecting and reporting divisions.

The latter argument is also made in connection with the next notice, dated February 14, 1985, containing this statement:

Our computer will be reporting this unpaid collection account to our members— banks, department stores, mortgage companies, utility companies, etc. for seven (7) years. (Complaint Exhibit B).

In addition, plaintiff claims that the February 14 notice is a violation of § 1692e, which prohibits false or misleading representations in attempting to collect a debt. The alleged misrepresentation is found in the purported implication that the Credit Bureau generally disseminates the names of delinquent debtors to its members, which is prohibited by 15 U.S.C. § 1681b(3), the statute regulating credit reporting agencies.

In its motion for summary judgment, defendant relies upon *Wright v. Credit Bureau of Georgia*, 555 F.Supp. 1005 (N.D. Georgia, 1983), in which the district court held that a communication from a collection agency that merely informs a debtor that his credit rating may someday be affected by failure to pay the debt is not a violation of the FDCPA. Defendant contends that such is the effect of the disputed notices. In addition, defendant points out that there is both a collecting and reporting division in the Credit Bureau of Greater Harrisburg, so that there is no misrepresentation in implying that a credit reporting agency is involved.

■ In considering the effect of the language in defendant's notices, the Court should assess the letters in terms of the impression likely to be left upon the unsophisticated consumer sought to be protected by the Act. *Jeter v. Credit Bureau,*

*Inc.*, 760 F.2d 1168 (11th Cir.1985). Thus, in evaluating the language, the question before the Court is whether such an unsophisticated consumer is likely to realize that the defendant's letters do not represent an immediate and inevitable threat to his ability to obtain credit.

■ We note first that the printed forms on which the notices are typed clearly indicate that the notices were sent in an effort to collect a debt. Second, there is no dispute that the Credit Bureau has a reporting division as well as a collection division. In the absence of an allegation that the collection division never intended to place the plaintiff's account on file with the reporting division, there is no inherent misrepresentation in speaking of the Credit Bureau as one entity, encompassing both divisions. Thus, we find no violation of either § 1692e or (f) even if we accept plaintiff's argument that the notices blur the distinction between the different aspects of the defendant's business.

■ In considering the likely effect of the notices, we read them together rather than in isolation, since both were sent in an effort to collect the same debt and were received within a two-month period. The December 26 notice is obviously designed to cause the recipient to question what the long-term effect of a failure to pay may be and suggests that it could result in a future denial of credit. The bold-warning, "DO NOT TAKE A CHANCE", conveys the impression that the debtor is gambling with his credit rating, certainly a reasonable possibility. Consequently, we conclude that even an unsophisticated consumer is not likely to believe that he would immediately be denied credit, but rather that there is a chance of denial of credit if the debt is not paid.

■ The February 14 notice merely continues the theme begun in the December notice, noting that the effect of non-payment could be felt for a considerable period if the debtor's account is subsequently placed with the reporting division. The overall impression conveyed by the two no-

tices of which the plaintiff complains is that if the past debt is not paid there is likely to be an adverse effect upon future ability to obtain credit, particularly from members of the Greater Harrisburg Credit Bureau. Plaintiff has failed to show that such an impression is false, deceptive, unfair or unconscionable.

## ORDER

AND NOW, this 8th day of April, 1986, upon consideration of defendant's motion for summary judgment and plaintiff's response thereto, IT IS ORDERED that the motion is GRANTED and judgment is entered in favor of the defendant and against the plaintiff.