# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31205

ROBB BILLUPS,

Plaintiff - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

June 15, 2015

Lyle W. Cayce
Clerk

v.

RETAIL MERCHANTS ASSOCIATION, INCORPORATED, doing business as Credit Bureau of Louisiana, formerly known as Credit Bureau of Greater Shreveport; CREDIT BUREAU OF THE SOUTH, INCORPORATED,

Defendants - Appellees

Appeals from the United States District Court
for the Western District of Louisiana
USDC No.  5:14-CV-401

Before CLEMENT, PRADO, and ELROD, Circuit Judges.

PER CURIAM:*

This is an appeal from the district court's grant of defendants' motion to dismiss plaintiff's debt collection complaint for failure to state a claim upon which relief can be granted.  For the reasons that follow, we AFFIRM.

## BACKGROUND

Plaintiff-Appellant, Robb Billups ("Billups"), filed his first amended complaint against the Credit Bureau of Greater Shreveport and the Credit

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31205

Bureau of the South (collectively, "Lenders") on February 5, 2013. The amended complaint contains three causes of action: Count I, alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e(10), (16), 1692f; Count II, alleging a violation of the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code §§ 392.301(a)(8), .304(a)(19); and Count III, alleging defamation.  Billups alleges that Lenders are debt collectors under 15 U.S.C. § 1692a(6).  Lenders used the term "Credit Bureau" in their names.[1]  Lenders are currently "reporting an alleged debt on [Billups's] credit report, a debt collection activity."  Billups contends that this violates both the FDCPA and the TDCA.  He also contends that Lenders' actions constitute defamation, because Lenders are publishing inaccurate information "maliciously and willfully."

After the case was transferred from the Eastern District of Texas to the Western District of Louisiana, Lenders moved to dismiss under both Rule 12(b)(6) and 12(b)(1).  The district court granted the motions.  The court found that Billups "has not offered well-pleaded facts" and that the complaint "is replete with legal conclusions masquerading as factual allegations and/or factual conclusions."  The court specifically noted that Billups did not allege: 1) "the party to which the debt is or was owed"; 2) "the amount of the debt"; or 3) the "date upon which payment of the debt was due."  The court concluded that it was "still unclear as to the exact factual basis for Billups'[s] action."  In the alternative, the court found that any claim against the Credit Bureau of the South was also deficient because it alleged that the relevant debt was paid, and the FDCPA only governs unpaid debts.  The court also held that as a result of the 12(b)(6) motion there was no remaining subject

---

[1] Because this appeal arises from the district court's dismissal of Billups's complaint pursuant to a motion to dismiss, we accept all well-pleaded facts in Billups's complaint as true and make all reasonable inferences in his favor. *See Stokes v. Gann*, 498 F.3d 483, 483 (5th Cir. 2007) (per curiam).

No. 14-31205

matter jurisdiction under 12(b)(1).  The TDCA claim, Count II, was dismissed pursuant to 28 U.S.C. § 1367.

## DISCUSSION

### I. The Complaint

Billups's argument on appeal is that "[t]he facts are so simple in this case that there isn't any more detail that Appellant could have given in either the original or amended complaint."  Billups walks through essentially the same steps in the appeal as in the complaint.  First, he argues that Lenders are not consumer reporting agencies as defined under 15 U.S.C. § 1681a(f) and therefore violated 15 U.S.C. § 1692 and Tex. Fin. Code § 392.305 when they conducted business using those terms in their names.  Billups also asks that, in the event we agree that his complaint is deficient, we allow him to "correct any issues the District Court found lacking instead of an outright dismissal."  In response to the district court's alternative grounds for dismissal of claims against the Credit Bureau of the South, Billups argues that there was still an ongoing attempt to collect on the debt and, therefore, a cause of action under the FDCPA.  Lastly, Billups contends that the district court should have considered his state law claims after dismissing his federal claims.

In response Lenders make three arguments.  First, they characterize Billups's complaint as alleging that they filed an accurate report with a credit agency, which is not actionable.  Second, they argue that any FDCPA claim falls outside of the one-year statute of limitations.  Third, they argue that the use of "Credit Bureau" or "Retail Merchants" is not a violation of the FDCPA.

We review a district court's 12(b)(6) dismissal for failure to state a claim upon which relief can be granted de novo, construing complaints liberally in plaintiffs' favor.  *Gen. Elec. Capital Corp. v. Posey,* 415 F.3d 391,

No. 14-31205

395 (5th Cir. 2005); *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000).  Despite the liberal interpretation granted to complaints, in order to overcome a 12(b)(6) motion to dismiss the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 569 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965 (quotation marks, citations, and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are no substitute for plausible, factual allegations. *Id.*

## II.  Count III is Not Sufficiently Pleaded

We consider whether the district court properly dismissed these claims. First, the defamation claim is deficient.  Billups's defamation claim is skeletal.  It states only that Credit Bureau of the South "has and is currently communicating and publishing statements to various Credit Reporting Agencies that are false," with malice or willful intent, which harm Billups.[2] "The [Fair Credit Reporting Act, 15 U.S.C. § 1681h(e),] preempts state law defamation or negligent reporting claims unless the plaintiff consumer proves malice or willful intent to injure him." *Young v. Equifax Credit Info. Servs., Inc.,* 294 F.3d 631, 638 (5th Cir. 2002) (internal quotation marks omitted). There is no light that can be cast upon this count so that it alleges the required element of malice.  In merely reciting the legal standard—that

---

[2] Count III only names Credit Bureau of the South.

4

Lenders reported false information with malice—Count III falls squarely in the ambit of "conclusory statements" held to be insufficient in *Iqbal.* 556 U.S. at 678.

III.  Count I is Not Sufficiently Pleaded

We now turn to the FDCPA violations alleged in Count I.  Like the district court, we find these allegations deficient.  The FDCPA prohibits "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  Even assuming, *arguendo*, that reporting a debt to a credit agency can be an activity "in connection with the collection of [a] debt," *see McIvor v. Credit Control Services, Inc.*, 773 F.3d 909, 914 (8th Cir. 2014), Billups has not plausibly alleged that Lenders' reporting activity in this case was in connection with collection of a debt. Billups does not allege that he received a demand letter or any other communication from Lenders, nor does he allege any other facts that would suggest Lenders reported the debts as a means to collect on the debts. Accordingly, Billups has not plausibly alleged that the purpose of Lenders' credit reporting was to induce him to pay his debts.  *Cf. id.* at 915–916 ("The only 'animating purpose' for [defendant's] communication that is plausibly alleged in the complaint is compliance with the reinvestigation procedures required by the [Fair Credit Reporting Act].").

Billups also unpersuasively cites the most relevant Fifth Circuit case discussing a debt collectors' use of the words "Credit Bureau" when collecting a debt, *McKenzie v. E.A. Uffman & Assocs., Inc.*, 119 F.3d 358 (5th Cir. 1997). *McKenzie* held that a credit bureau that is also a debt collector may, given certain disclosures, use "Credit Bureau" in its title.  *Id.* at 361–62 (citing *Catherman v. Credit Bureau of Harrisburg*, 634 F. Supp. 693 (E.D. Pa. 1986); *Wright v. Credit Bureau of Ga.*, 555 F. Supp. 1005 (N.D. Ga. 1983)); *see also*

*Charles v. Credit Bureau Servs.*, No. CIV. A. 99-1505, 1999 WL 1204839, at *2 (E.D. La. Dec. 15, 1999) (holding that, "where a business using the name 'Credit Bureau' operates as both a credit reporting agency and a collection agency, the company does not deceive or mislead consumers in violation of § 1692(e)").

*McKenzie*, however, cannot save Billups's complaint. In *McKenzie*, and the other cases discussing this issue, the defendants communicated with the plaintiffs in an effort to collect a debt. Here, there is no allegation that defendants ever communicated directly with Billups to collect a debt.[3]

IV. Count II was Properly Dismissed Pursuant to 28 U.S.C. § 1367

Once the district court dismissed Count I, it declined to maintain supplemental jurisdiction over the state claims in Count II. *See* 28 U.S.C. § 1367. The district court did not err in declining to exercise its supplemental jurisdiction once it dismissed the federal claims over which it had original jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350–51 (1988) (describing precedent as holding that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims); *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) ("The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before

---

[3] Because Billups never filed a motion for leave to amend or for reconsideration in the district court, he has not shown that he is entitled to an order directing the district court to allow him to amend his complaint. *See United States ex rel Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) ("A party who neglects to ask the district court for leave to amend cannot expect to receive such a dispensation from the court of appeals.").

trial."); *see also Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 587–90 (5th Cir. 1992) (applying the relevant factors).

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court.