Eva M. HULSHIZER, Appellee,

v.

GLOBAL CREDIT SERVICES, INC., Appellant.

No. 83–1789.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1984.

Decided Feb. 24, 1984.

Leroy P. Shuster, Lincoln, Neb., for appellee.

William B. Woodruff, P.C., Omaha, Neb., for appellant.

Before LAY, Chief Judge, and HEANEY and BOWMAN, Circuit Judges.

**1038**

PER CURIAM.

Global Credit Services, Inc., appeals from a district court judgment awarding Eva M. Hulshizer $200 in damages and $1,795.50 in attorney's fees and expenses for Global's violation of 15 U.S.C. § 1692e(11) (1982). In the spring of 1982, Hulshizer received a letter from Global, dated April 14, 1982, seeking collection of a debt she owed to the University of Nebraska Hospital in the amount of $2,582.01. The Fair Debt Collection Practices Act requires debt collectors to "disclose clearly in all communications made to collect a debt or to obtain information about a consumer, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." *Id.* The parties agree that the required disclosures did not appear in the letter to Hulshizer.

Hulshizer brought a civil action against Global for this violation under 15 U.S.C. § 1692k (1982), which allows suits to recover actual damages, additional damages up to $1,000, costs, and attorney's fees. *Id.* § 1692k(a)(1), (2)(A), (3). The district court found a violation of the statute and awarded her "additional" damages, attorney's fees, and expenses. Global appeals, arguing that the court's literal reading of the statute failed to consider Global's reliance on a staff letter from an attorney in the Division of Credit Practices for the Federal Trade Commission (Commission), and that the violation was unintentional and thus protected under 15 U.S.C. § 1692k(c) (1982).

Although the statute does allow debt collectors to rely in good faith on "any advisory opinion of the Commission" in communicating with debtors, *id.* § 1692k(e), the letter which it cited to the district court indicating that the statute was not designed to require disclosures in straightforward communications with the debtor is not an opinion of the Commission. The letter clearly states that it "represents the staff's present enforcement position. It is informal in nature and as such is not binding on the Commission." *See* 16 C.F.R. §§ 1.1–1.3 (1983). Furthermore, Global's action was intentional in that it consciously chose to follow the informal advice of a Commission staff attorney and representatives of the American Collectors Association rather than the clear language of the statute. In addition, we agree with the Ninth Circuit that reliance on the advice of counsel or a mistake about the law is not protected by the "[un]intentional and * * * bona fide error" defense of 15 U.S.C. § 1692k(c) (1982). *Baker v. G.C. Services Corp.,* 677 F.2d 775, 779 (9th Cir.1982).

The language of the statute being unambiguous and Global's disregard of that language undisputed, we affirm.