**Sherrie PRESSLEY, aka Sherrie Teague, Plaintiff-Appellee,**

v.

**CAPITAL CREDIT & COLLECTION SERVICE, INC., an Oregon corporation, Defendant-Appellant.**

No. 84–3559.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 5, 1984.

Decided May 1, 1985.

Paul Heydon, Richard A. Slottee, Northwestern Legal Clinic, Portland, Or., for plaintiff-appellee.

David Markowitz, Portland, Or., for defendant-appellant.

Before KILKENNY and SCHROEDER, Circuit Judges, and JAMESON,* District Judge.

---

* Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

PER CURIAM:

Capital Credit and Collection Services, Inc. (Capital Credit) has appealed a judgment awarding Sherrie Pressley $100 statutory damages, following the granting of summary judgment in an action under the Fair Debt Collection Practice Act (FDCPA), 15 U.S.C. § 1691 *et seq.*, for Capital Credit's failure to comply with section 1692e(11) in a notice to Pressley demanding payment of a debt. We reverse and remand for dismissal of the action.

### Facts and Proceedings in District Court

The material facts are not in dispute. Sherrie Pressley (also known as Sherrie Teague) owed $126.07 to General Telco Credit Union. The credit union assigned its claim to Capital Credit, a debt collection agency. On March 10, 1982, Capital Credit sent a notice to Pressley, which reads:

FOR: GENERAL TELCO C

| | | |
|---|---|---|
| NOTICE DATE 03-10-82 | AMOUNT | 126.07 |
| | INTEREST | 0.00 |
| TEAGUE, SHERRIE | TOTAL | 126.07 |

You have failed to contact this office with payment as requested. Unless payment is received within seven (7) days of this notice further action will be taken.

Please return this notice with FULL PAYMENT by return mail.

MAKE PAYMENT ONLY TO:

Capital Credit & Collection S
PO BOX 13348
Portland, OR 97213

On March 8, 1983, Pressley brought this action for statutory damages, claiming that the notice from Capital Credit violated the disclosure requirement of 15 U.S.C. § 1692e(11), which reads:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . . .

(11) Except as otherwise provided for communications to acquire location information under section 1692b of this title, the failure to disclose clearly in all communications made to collect a debt or to obtain information about a consumer, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

After stipulating for trial before a United States magistrate, both parties moved for summary judgment. In granting Pressley's motion the magistrate found that Capital Credit's notice did not comply with the statute, relying upon three cases decided by the District Court of Oregon: *Case v. Credit Bureau, Inc. of Georgia,* Civ. No. 82–1107–FR (D.Or. November 3, 1982, January 10, 1983); *Zurcher v. Credit Bureau, Inc. of Georgia,* Civ. No. 83–223–PA (D.Or. November 8, 1983), and *Furth v. United Adjusters, Inc.,* Civ. No. 82–1537–RE (D.Or. November 17, 1983). In a footnote the magistrate stated: "While I may well have decided this case differently, I am bound by the prior decisions of this court." Pursuant to 15 U.S.C. § 1692(a), the magistrate awarded statutory damages, costs, and attorney fees.

### Contentions on Appeal

This appeal involves the proper interpretation of the requirement in section 1692e(11) that any communication "made to collect a debt or to obtain information about a consumer" clearly disclose "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose."

Appellant, Capital Credit, contends that an affirmative warning in all communications is artificial, impractical and unduly burdensome and is inappropriate here because (1) it is obvious from the communication that a debt collection agency is attempting to collect a debt; and (2) the communication does not request information. Appellant argues that the principles of statutory construction and the legislative history both support appellant's contentions; and that the Congressional purpose for enacting the FDCPA is not served

by imposing an affirmative warning requirement in this particular case.

Appellee, Pressley, contends that section 1692e(11) is unambiguous in its requirement that any debt collecting communication disclose that any information will be used for the purpose of collecting a debt; that the legislative history of the FDCPA does not support an interpretation of section 1692e(11) other than that which is plain from the face of the statute; and that informal Federal Trade Commission staff opinions should be accorded only minimal weight by the courts.

### Statutory Interpretation and Congressional Intent

In interpreting statutes the court's objective is to "ascertain the congressional intent and give effect to the legislative will." *Philbrook v. Glodgett*, 421 U.S. 707, 713, 95 S.Ct. 1893, 1898, 44 L.Ed.2d 525 (1975). Legislative intent is "ascertained from the text of the statute if the words are clear and plain and the whole enactment internally cohesive." *Adams v. Morton*, 581 F.2d 1314, 1320 (9th Cir.1978), *cert. denied sub nom., Gros Ventre Tribe of the Fort Belknap Indians, Montana v. United States*, 440 U.S. 958, 99 S.Ct. 1498, 59 L.Ed.2d 771 (1979) (citing *Fisher Flouring Mills Co. v. United States*, 270 F.2d 27, 30 (9th Cir. 1958). *See also Richmond Welfare Rights Organization v. Snodgrass*, 525 F.2d 197, 202 (9th Cir.1975). Legislative intent, however, is not always evident from the plain language of the statute and in that event, the courts must look to legislative history for guidance.

In interpreting statutes, the Supreme Court has often recognized the rule "that a thing may be within the letter of the statute and yet not within the statute, because not within its spirit, nor within the intention of its makers." *E.g., United Steelworkers of America v. Weber*, 443 U.S. 193, 201, 99 S.Ct. 2721, 2726, 61 L.Ed.2d 480 (1979) (quoting *Holy Trinity Church v. United States*, 143 U.S. 457, 459, 12 S.Ct. 511, 512, 36 L.Ed. 226 (1892) ). In recognizing the principle that a statute's language and purpose may at time differ, the Court has stated guidelines for reconciling the two:

> There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes. Often these words are sufficient in and of themselves to determine the purpose of the legislation. In such cases we have followed their plain meaning. When that meaning has led to absurd or futile results, however, this Court has looked beyond the words to the purpose of the act. Frequently, however, even when the plain meaning did not produce absurd results but merely an unreasonable one "plainly at variance with the policy of legislation as a whole" this Court has followed that purpose, rather than the literal words. When aid to construction of the meaning of words, as used in the statute, is available, there certainly can be no "rule of law" which forbids its use, however clear the words may appear on "superficial examination."

*United States v. American Trucking Associations*, 310 U.S. 534, 543–44, 60 S.Ct. 1059, 1063–64, 84 L.Ed. 1345 (1940) (footnotes omitted), quoted in *Church of Scientology v. United States Department of Justice*, 612 F.2d 417, 422 (9th Cir.1979); accord *Burroughs v. Operating Engineers Local Union No. 3*, 686 F.2d 723, 727 (9th Cir.1982).

### Purpose of Fair Debt Collection Practices Act

The purpose of the Fair Debt Collection Practices Act is stated in 15 U.S.C. § 1692(e):

> It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

Section 1692e, dealing with "False or misleading representation," provides that a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." The provision in subsection (11) that the failure to "disclose clearly in all communications" that "the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose" is one of 16 specified acts constituting conduct in violation of section 1692e. There is no evidence that the actions of Capital Credit were in any way abusive, false, deceptive or misleading.

The purpose of the Act as explained by Senator Riegle (Michigan) "is to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors." 123 Cong. Rec.S. 27,386 (daily ed. Aug. 5, 1977). This stated purpose as set forth in the Committee Report was ordered printed in the Record. *Id.* at 27,387.

In this case, we deal with a follow up notice which only demands a payment as earlier requested. Applying Pressley's interpretation, requiring the debt collector to make affirmative disclosures in this narrow type of follow up notice, would ignore the balancing mandated by Congress. We therefore hold that the follow up notice sent in this case is not a "communication" within which the disclosure required by 15 U.S.C. § 1692e(11) must be made.

### Federal Trade Commission Advisory Opinions

In a series of informal advisory opinions, the Federal Trade Commission (FTC) Bureau of Consumer Protection has expressed the staff's present enforcement position with respect to the section 1692e(11) requirement that the consumer be informed that the debt collector will use any information it obtains to aid in the collection of the debt.

A letter dated June 10, 1983 from Bryce L. Harlow, Director, Office of Congressional Relations FTC, to Representative Robert L. Smith (written after the decision in *Case*, No. 82–1107 (D.Or. Nov. 3, 1982), upon which the magistrate relied), reached a conclusion similar to that we reach today. It stated in part:

> Where the debtor has already received proper notification of the debt as required by Section 809 of the Act [15 U.S.C. § 1692g] or has been negotiating with the debt collector over the terms of repayment, ... no purpose is served by requiring that every subsequent communication with that debtor contain these disclosures. In fact, there are some circumstances where the disclosures could become increasingly intimidating, contrary to the overall intent of the Act.[1]

We recognize that the "precedential value of the FTC's informal advisory opinion is limited by the restricted interpretive power given to that agency under the FDCPA."[2] *Staub v. Harris,* 626 F.2d 275, 279 (3d Cir.1980). The Eighth Circuit has recently held in *Hulshizer v. Global Credit Services, Inc.,* 728 F.2d 1037 (8th Cir.1984), that reliance upon a staff letter from an attorney in the Division of Credit Practices for the Federal Trade Commission was not a defense to an action for violation of this statute. The court there affirmed an award of damages for the failure to make the required disclosures in a letter from a collection agency to a debtor seeking collection of a debt. It appears that the commu-

---

1. 15 U.S.C. § 1692g specifies the contents of a written notice from the debt collector to the consumer. There is no allegation or proof that Capital Credit failed to comply with section 1692g. Rather, it is clear that the notice in question was the follow up of a prior request for payment.

2. Although the FTC is the agency charged with the administration of the FDCPA, the statute expressly prohibits the FTC from issuing additional rules or regulations concerning debt collection, section 1692*l*(c), (d) because Congress thought the FDCPA "fully addresse[d] the problem of collection abuses." Sen.Rep. No. 95–382 at 6, reprinted in [1977] U.S.Code Cong. & Administrative News 1695 at 1700. *Staub v. Harris,* 275, 279 (3d Cir.1980).

nication in question was the first collection letter and not a follow up notice like that involved in this case. Our decision does not conflict with *Hulshizer.*

### Conclusion

It is clear from the notice received by Pressley that Capital Credit was attempting to collect a debt and that payment had been requested in a prior communication. There was nothing in the notice itself or in any action of Capital Credit that could be construed as "abusive" or "false, deceptive or misleading." Rather, it was a straightforward notice that repeated a demand for payment. No useful purpose would be served by repetition of a formal warning in such a follow up notice to a debtor. Nor was this intended by Congress.

Reversed and remanded for dismissal.

Manuel J. Real, Chief Judge for the District Court for the Central District of California, sitting by designation, filed a dissenting opinion.