**Wayne F. YOUNG, Plaintiff,**

v.

**CREDIT BUREAU OF LOCKPORT, INC., Defendant.**

**No. CIV–86–1121E.**

United States District Court, W.D. New York.

Dec. 16, 1989.

Judgment Dec. 19, 1989.

Robert Scheffer, UAW–GM Legal Services Plan, Lockport, New York City, for plaintiff.

MEMORANDUM AND ORDER

ELFVIN, District Judge.

■ This is an action to recover damages for violations of the Fair Debt Collection Practices Act ("the Act"), 15 U.S.C. § 1692 *et seq.* The plaintiff seeks to have altered or amended that portion of this Court's Memorandum and Order, filed July 17, 1989, whereby summary judgment in favor of the plaintiff was denied in connection with the claimed violation of 15 U.S.C. § 1692e(11).[1] In order to determine whether there has been such violation, a two-step analysis is needed—to wit, whether the communication of which complaint is made was a "communication" within the meaning of 15 U.S.C. § 1692a(2) and, if such first inquiry is answered in the affirmative,

1. The subsection identifies the following conduct as false or misleading:

"Except as otherwise provided for communications to acquire locations information under section 1692b of this title, the failure to disclose clearly in all communications made to collect a debt or to obtain information about a consumer, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose."

whether such communication violated subsection 1692e(11).

This Court in its earlier decision hewed to the holding in *Pressley v. Capital Credit and Collection Service, Inc.*, 760 F.2d 922 (9th Cir.1985), and held that a follow-up notice mailed by the debt collector to the debtor was not a communication. Therefore, this Court denied summary judgment to the plaintiff that the "48 hour notice" was a violation. Subsequently, in *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22 (2nd Cir.1989), the United States Court of Appeals for the Second Circuit held that follow-up communications are such communications. Consequently, the 48–hour notice sent by the defendant to the plaintiff must be held to have been such.

The balance of the analysis concerns whether said communication failed to state clearly that the debt collector was attempting to collect a debt and that any information acquired would be so used. In *Pipiles v. Credit Bureau of Lockport, Inc.* it is stated that, "were balancing undertaken, allowing certain communications to omit the disclosures, the clear and unambiguous language 'all communications' would effectively change to 'some communications'". *Id.* at 27. Therefore, in applying such standard this Court should not look beyond the four corners of the instrument at bar. The 48–hour notice fails to state, either clearly or otherwise, that the debt collector is attempting to collect a debt and that the information obtained will be used for that purpose. Thus the document violates 15 U.S.C. § 1692e(11).

Pursuant to 15 U.S.C. § 1692k(a)(2)(A) this Court can allow "such additional damages * * * *", but not exceeding $1,000 for a violation of the Act. This Court in said Memorandum and Order has awarded the plaintiff statutory damages of $100 based upon the defendant's violation of the Act. The standard to be used to determine statutory damages is "the frequency and persistence of noncompliance by the debt collector, the nature of noncompliance, and the extent to which such non-compliance was intentional." 15 U.S.C. § 1692k(b)(1). Applying this standard this Court finds that no additional statutory damages are warranted for this further violation.

Accordingly, it is hereby ORDERED that this Court's granting of the defendant's cross-motion for summary judgment on the plaintiff's FIRST CLAIM FOR RELIEF with respect to 15 U.S.C. § 1692e(11) is voided and such is denied, that the plaintiff's motion for summary judgment as to subsection 1692e(11) is granted, that the text of this said Memorandum and Order which purported to support the holding therein that subsection 1692e(11) had not been violated shall be deemed to be modified and changed appropriately and that the remainder of said Memorandum and Order is affirmed and that the Judgment dated July 20, 1989 shall be re-entered in haec verba (except that "Count I" shall become "the FIRST CLAIM FOR RELIEF" and that "Count II" shall become "the SECOND CLAIM FOR RELIEF").[2]

### JUDGMENT

IT IS ORDERED AND ADJUDGED that plaintiff's motion for summary judgment on the first claim for relief is granted, that defendant's cross-motion for summary judgment on the first claim for relief is denied, that the plaintiff awarded $100.00 in statutory damages, that the defendant's cross-motion for summary judgment on the second claim for relief is granted, that the second claim for relief is dismissed, and that the plaintiff is awarded the costs and his attorney's reasonable fees.

---

**2.** The misdesignation in the sixth line on page 3 of the Memorandum and Order of "Subsection 1692a(g)(3)" instead of "Subsection 1692g(a)(3)" merely is noted.