**Susan J. CARROLL, Plaintiff–Appellant,**

v.

**WOLPOFF & ABRAMSON, Defendant–Appellee.**

**No. 91–2201.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 5, 1992.

Decided March 30, 1992.

Andrea Goodwin Green, UAW Legal Services Plan, Newark, Del., argued (O. Randolph Bragg, on brief), for plaintiff-appellant.

Ronald Scott Canter, Bethesda, Md., argued, for defendant-appellee.

Before SPROUSE, WILKINSON, and WILKINS, Circuit Judges.

## OPINION

SPROUSE, Circuit Judge:

Susan Carroll appeals the district court's grant of summary judgment to the law firm of Wolpoff and Abramson on her claim that the firm, acting as collection agents for a creditor, violated the Fair Debt Collection Practices Act,[1] specifically, 15 U.S.C. § 1692e(11). The law firm's first collection letter to Carroll included the in-

formation required by section 1692e(11), but its follow-up letter did not. The district court, holding that a collection agency's follow-up notice need not comply with section 1692e(11), granted summary judgment to the law firm.[2] We disagree and reverse.

Macy's Northeast, Inc., retained the law firm of Wolpoff and Abramson to collect $1,841.11 owed by Susan Carroll to the department store. Wolpoff and Abramson brought suit on the debt in Maryland state court after Carroll failed to respond to its two collection letters. During the bench trial, Carroll admitted owing the debt and judgment was entered against her in May of 1990. On June 11, 1990, the law firm wrote Carroll, stating: "Your past due account is in our office for legal action. It is imperative that you contact us immediately if you wish to make arrangements to pay this debt prior to additional litigation." Carroll did not respond to this letter and later filed for bankruptcy.

On May 10, 1991, Carroll sued Wolpoff and Abramson alleging, among other things, that the June 11, 1990, letter violated section 1692e(11) of the Fair Debt Collection Practices Act because it failed to include a warning that the letter was an attempt to collect a debt and that any information obtained would be used for that purpose.[3] Although the district court noted that the letter failed to comply with the notice requirements of section 1692e(11), it granted summary judgment to the law firm ruling that a follow-up letter need not comply with these requirements. We disagree.

■ In 1977, Congress enacted the Fair Debt Collection Practices Act to eliminate abusive debt collection practices. See 15 U.S.C. §§ 1692a, 1692e. See also Miller v. Payco–General American Credits, 943 F.2d 482, 483–84 (4th Cir.1991). Section 1692e states, in pertinent part:

---

1. 15 U.S.C. §§ 1692–1692o.

2. The district court also granted summary judgment to the law firm on Carroll's claims that the letter was misleading in violation of 15 U.S.C. § 1692e(10) and that the law firm failed to send

a notice of debt in violation of 15 U.S.C. § 1692g. These issues are not raised on appeal.

3. Carroll sought actual damages and statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . . . .

(11) ... the failure to disclose clearly in *all communications* made to collect a debt or to obtain information about a consumer, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

15 U.S.C. § 1692e (emphasis added). In our view, the language "all communications" in section 1692e(11) is clear and unambiguous. It makes no distinction between initial and subsequent communications.

Although Wolpoff and Abramson do not dispute the clarity of the Act's language, they argue that congressional intent in preventing the abuse of debtors will not be furthered by requiring the disclosure requirements of section 1692e(11) in follow-up letters. We simply disagree. Consumers sometimes do not receive first notices, and thus, follow-up letters may often provide them with their first notice of the debt collection process. In our view, it follows that requiring the disclosure requirements of section 1692e(11) in follow-up letters furthers congressional intent to prevent the abuse of debtors. Although the equities here are one step removed because a judgment on the debt preceded the follow-up letter at issue, there is still a possibility of over-reaching by creditors. Although over-reaching may occur in only a few circumstances, "Congress [may] exercise its legislative judgment to adopt a reasonable margin of safety to insure its remedial goal." *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 27 (2d Cir.1989).

We recognize that the Ninth Circuit in *Pressley v. Capital Credit & Collection Service, Inc.*, 760 F.2d 922, 925 (9th Cir. 1985), relying upon a statement by Senator Riegle (Michigan) during committee debate, held that follow-up notices need not comply with the disclosure requirements of 15 U.S.C. § 1692e(11).[4] We cannot agree with the reasoning in *Pressley*. Senator Riegle's statement was to the effect that the purpose of the Act was to protect consumers without unnecessarily restricting ethical collectors. The *Pressley* court reasoned that in balancing the two congressional objectives implicit in that statement, the disclosure requirements of section 1692e(11) need not be included in follow-up letters. The court in *Pipiles* correctly reasoned that such an interpretive analysis based in the remarks of one senator was strained and that the end result would be to change the clear and unambiguous language of "all communications" to "some communications." *Id.* at 27.

 Finally, Wolpoff and Abramson argue that the 1986 amendment to the Act repealing the attorney exemption, previously codified at section 1692a(6)(F), incorporated the *Pressley* decision as well as prior administrative interpretations of the Act. We cannot agree. While it is true that re-enactment of statutory provisions generally incorporate administrative or judicial decisions, this Act was not re-enacted—rather, part of it was repealed.

Accordingly, we reverse the district court's grant of summary judgment and remand the case for further proceedings.

REVERSED AND REMANDED.

---

**4.** The *Pressley* court also relied upon informal advisory opinions of the Federal Trade Commission that the debt collector need not repeat the required disclosure in subsequent letters. Wolpoff and Abramson point out the FTC's position. We find the position of the FTC unpersuasive and it is well-settled that we "need not defer to an agency's construction of its governing statute if the construction violates an unambiguous statutory command...." *Mowbray v. Kozlowski,* 914 F.2d 593, 598 (4th Cir.1990).