**Noushin A. HOSSEINZADEH,**
**Plaintiff,**

v.

**M.R.S. ASSOCIATES, INC., Defendant.**

### No. CV0400419CASRCX.

United States District Court,
C.D. California,
Western Division.

March 3, 2005.

Joshua B. Swigart, Robert L. Hyde, San Diego, CA, for Plaintiff.

Stephen H. Turner, Los Angeles, CA, for Defendants.

**ORDER GRANTING SUMMARY JUDGMENT IN PART FOR PLAINTIFF AND DENYING SUMMARY JUDGMENT FOR DEFENDANT**

SNYDER, District Judge.

## I. INTRODUCTION

On January 23, 2004, plaintiff Noushin A. Hosseinzadeh ("Hosseinzadeh") filed suit against defendant M.R.S. Associates, Inc. ("MRS"). Plaintiff alleges the following claims: (1) violation of the Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1962 *et seq.;* and (2) violation of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ.Code §§ 1788–1788.32. On December 17, 2004, defendant filed a motion for summary judgment. On December 27, 2004, plaintiff filed her opposition to defendant's motion and on January 7, 2005, defendant filed its reply. Defendant's motion is presently before the Court.

## II. FACTUAL BACKGROUND

Plaintiff allegedly incurred a disputed debt to Capital One sometime before December 6, 2003, and subsequently failed to pay amounts allegedly due. Complaint ¶¶ 14, 15. Plaintiff's debt was assigned or transferred to defendant for collection. *Id.* ¶ 16. On December 5, 2003, defendant sent a letter to plaintiff regarding this debt. Mot. at 2; Declaration of Daniel J. McCusker ("McCusker Decl.") ¶ 2; Opp'n at 2.[1]

Subsequently, plaintiff received six messages from defendant on her answering machine on December 9, 16, 17, 18, 23, and 29, 2003, respectively. Defendant's Statement of Uncontroverted Facts and Conclusions of Law in Support of Motion for Summary Judgment ("Def.'s Statement") ¶ 2.

On December 9, 2003, plaintiff received the following automated message on her answering machine:[2]

1. The parties appear to agree that this letter was an "initial communication." Mot. at 2; Opp'n at 2.

2. Because this is a motion for summary judgment by defendant, the Court has quoted plaintiff's version of the messages, where available. Except as otherwise noted herein, while there are slight discrepancies in the parties' versions of the messages, the parties do not appear to dispute the essential content of the messages.

Hello, this is Thomas Hunt calling. Please have an adult contact me regarding some rather important information. This is not a sales call, however, regulations prevent me from leaving more details. You will want to contact me at 1–877–647–5945 as soon as possible. This is a toll free number. Once again this is Thomas Hunt calling and my number is 1–877–647–5945. Thank you.

Notice of Lodging of Evidence in Support of Plaintiff, Noushin Hosseinzadeh's Opposition to M.R.S. Associates, Inc. Motion for Summary Judgment ("Pl.'s Exs.") A, B; Def.'s Statement ¶ 4; McCusker Decl. ¶ 3.[3]

On December 16, 2003, plaintiff received the following message on her answering machine:

This message is for Ashraf. Ashraf, my name is Clarence Davis. I have some very important information to discuss with you. I have to make a decision about a situation that concerns you. I am going to make this decision with our without your input. Contact my office right away at 877–647–5945, Extension 3619. Failure to return my call will result in a decision-making process that you will not be a part of.

Pl.'s Exs. A, B; Def.'s Statement ¶ 5; McCusker Decl. ¶ 4.

On December 17, 2003, plaintiff received the following message on her answering machine:

3. Defendant believes that its versions of the messages, which address plaintiff as "Noushin," are accurate based on plaintiff's complaint, defendant's pre-approved standardized messages, and the voice recordings from plaintiff's answering machine. McCusker Decl. ¶ 11; Def.'s Statement ¶¶ 5–7, 13. However, plaintiff provides a recording and transcript of five of the messages, all of which address plaintiff as "Ashraf," plaintiff's previous name. Pl.'s Exs. A, B; Plaintiff's Statement of Genuine Issues ("Pl.'s Statement") ¶ 2.

This message is for Ashraf. Ashraf my name is Clarence Davis. I have some very important information to discuss with you in reference to a file that has been forwarded to my office that involves you personally. Contact my office right away at 877–647–5945, extension 3618. Failure to return my call will result in a decision making process that you will not be a part of.

Pl.'s Exs. A, B; Def.'s Statement ¶¶ 6; McCusker Decl. ¶¶ 5.

Similarly, on December 18, 2003, plaintiff received the following message on her answering machine:

This message is for Ashraf. Ashraf, my name is Clarence Davis. I have some very important information to discuss with you. There has been a trial that has been sent to my office that I'm sure you're not aware of but involves you personally.[4] Contact me right away at 877–647–5945, extension 3618. Failure to return my call will result in a decision making process that you will not be a part of.

Def.'s Statement ¶ 2; Pl.'s Statement ¶ 7; Pl.'s Exs. A, B.[5]

On December 23, 2003, plaintiff received the following message on her answering machine:

Hello! This is Thomas Hunt calling. Please have an adult contact me regarding some rather important information. This is not a sales call, however, regula-

tions prevent me from leaving more details. You will want to contact me at 1–877–647–5945 as soon as possible. This is a toll free number. Once again this is Thomas Hunt calling and my number is 1–877–647–5945. Thank you.

Pl.'s Exs. A, B; Def.'s Statement ¶ 9; McCusker Decl. ¶ 7. Plaintiff received a similar message on December 29, 2003. Def.'s Statement ¶ 10; McCusker Decl. ¶ 8; Opp'n at 2.[6]

On December 31, 2003, defendant received plaintiff's request for a debt validation notice pursuant to the FDCPA and to cease all calls to her. Def.'s Statement ¶ 11; McCusker Decl. ¶ 9. Subsequently, defendant ceased calling plaintiff. Def.'s Statement ¶ 11; McCusker Decl. ¶ 9.

Plaintiff alleges that these communications are false, deceptive or misleading and that the natural consequence of certain of these communications is "to harass, oppress, or abuse the least sophisticated consumer" in violation of the FDCPA and the Rosenthal Act. *Id.* ¶¶ 24, 25, 29, 30, 34, 35. Plaintiff also alleges that these communications lack meaningful disclosure of the caller's identity in violation of the FDCPA and the Rosenthal Act. Complaint ¶¶ 19, 23, 28, 33, 38.

## III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any

---

**4.** The parties dispute whether the message said "file" or "trial." Pl.'s Statement ¶ 2; Def.'s Statement ¶¶ 7, 14.

**5.** Defendant contends the following:

On December 18, 2003 Plaintiff called MRS (See Declaration of Daniel J. McCusker ¶ 6). The Plaintiff spoke with a collector named Larry Izzi (Lawrence Rock).(*See,* Declaration of Daniel J. McCusker ¶ 6). The Plaintiff claimed not to owe anything and wanted an opportunity to go over her

records. (*See,* Declaration of Daniel J. McCusker ¶ 6). Mr. Izzi asked that the Plaintiff call her back within the next two hours, Plaintiff said she would try. (*See,* Declaration of Daniel J. McCusker ¶ 6). Plaintiff never called back. (*See,* Declaration of Daniel J. McCusker ¶ 6). Mot. at 3–4; Pl.'s Statement ¶ 8.

**6.** Plaintiff does not allege the facts pertaining to the December 29, 2003 message in her complaint.

material fact" and "the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. *See* Fed.R.Civ.P. 56(c). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). *See also Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. 2548. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. 2548. *See also Abromson v. American Pacific Corp.,* 114 F.3d 898, 902 (9th Cir.1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. *See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 631 & n. 3 (9th Cir.1987). When deciding a motion for summary judgment, "the inferences to be drawn from the un-

derlying facts ... must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citation omitted); *Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co.,* 121 F.3d 1332, 1335 (9th Cir.1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. *See Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348.

District courts "possess the power to enter summary judgment *sua sponte,* so long as the losing party was on notice that she had to come forward with all of her evidence." *Celotex Corp.,* 477 U.S. at 326, 106 S.Ct. 2548; Schwarzer § 14:55. "Thus, where a motion for summary judgment has been filed, the court may *sua sponte* grant summary judgment to the opposing party even if no cross-motion has been filed. In such cases, however, the moving party must have had (1) *adequate notice* and (2) a *reasonable opportunity* to present an opposition." Schwarzer § 14:55 (emphasis in original) (citing *Kassbaum v. Steppenwolf Prods., Inc.,* 236 F.3d 487, 494–95 (9th Cir.2000)).

## IV. DISCUSSION

### A. FDCPA[7]

Plaintiff alleges several claims arising under the FDCPA. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to protect consumers against debt collection issues." 15 U.S.C. 1692(e). 15

---

7. Neither party disputes that defendant is a debt collector subject to both the FDCPA and the Rosenthal Act.

U.S.C. § 1692d protects against harassing, oppressive or abusive conduct by debt collectors. 15 U.S.C. § 1692d. 15 U.S.C. § 1692e protects against any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. 15 U.S.C. § 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

### (1) Section 1692d

15 U.S.C. § 1692d provides in relevant part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . . . .
>
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d.

### a. Section 1692d, generally

Relying on *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir.1985), defendant argues that it did not violate 15 U.S.C. § 1692d because its truthful messages do not constitute harassment. Mot. at 10–11.[8]

Plaintiff does not address the question of the violation of § 1692d in general, but does address the violation of particular sections as discussed further herein.

"In evaluating § 1692d violations, courts use a consumer protection principle analogous to the 'least sophisticated debtor' standard. Thus, § 1692d claims are viewed from the perspective of a consumer whose circumstances makes [sic] him relatively more susceptible to harassment, oppression, or abuse." Alan M. Ahart, California Practice Guide: Enforcing Judgments and Debts Ch. 2–B § 2:71.1 (internal quotations and citation omitted) (quoting *Masuda v. Thomas Richards & Co.*, 759 F.Supp. 1456, 1465 (C.D.Cal. 1991)).

 The Court concludes that the context of and inferences drawn from defendant's messages are relevant to determining whether there has been a violation of § 1692d. Plaintiff has offered evidence to the effect that the combination of the messages and inferences that may be drawn therefrom are sufficient to raise a material issue of disputed fact. Accordingly, the Court finds that summary judgment is inappropriate as to this claim. *See Joseph v. J.J. Mac Intyre Cos., L.L.C. (Joseph II)*, 281 F.Supp.2d 1156, 1165 (N.D.Cal.2003) (finding question of fact as to issue of harassment by debt collection telephone calls under FDCPA and Rosenthal Act).

### b. Section 1692d(6)

Defendant argues that it did not violate § 1692d(6) because with respect to each telephone call to plaintiff, defendant dis-

---

**8.** In *Jeter,* the Eleventh Circuit held that while the "least sophisticated consumer" standard did not apply directly to § 1692d, "claims under § 1692d should be viewed from the perspective of a consumer whose circumstances makes [sic] him relatively more susceptible to harassment, oppression, or abuse." *Jeter* at 1179. Applying this standard, the court affirmed the district court's grant of summary judgment and held that, as a matter of law, the debt collector's communication to the debtor that further legal action could cause the debtor "embarrassment, inconvenience, and further expense" did not violate § 1692d(1)-(6). *Id.* at 1179–80.

closed "who the caller was and left messages which were *entirely truthful.*" Mot. at 6 (emphasis in original). Defendant contends that it was not required to disclose that it is a debt collector or that it was attempting to collect a debt because disclosure of this information is only necessary under § 1692e(11) which, unlike § 1692d(6), specifically applies to "communications" intentionally and narrowly defined by Congress *Id.* at 6–8. Further, if the caller were required to identify himself as a debt collector, § 1692d(6) would be inconsistent with 15 U.S.C. § 1692c(b) which prohibits debt collectors from communicating with third parties, presumably because third parties might hear the contents of the message. *Id.* at 7–8.[9] Defendant contends that the interpretation of § 1692d(6) to require disclosure in *Joseph II* is erroneous. *Id.* at 9.

Plaintiff responds that § 1692d(6) applies to defendant's messages whether or not the messages constitute "communications" under § 1692a(2) because the language of the statute refers only to the "placement of telephone calls." Opp'n at 8. Relying on *Joseph v. J.J. Mac Intyre Cos.* (*Joseph I*), 238 F.Supp.2d 1158 (N.D.Cal.2002), plaintiff argues that defendant's messages lacked "meaningful disclosure" in violation of § 1692d(6). *Id.* Plaintiff further argues that there is no need to reconcile § 1692d(6) with § 1692c(b). *Id.* at 11. Plaintiff contends that a message left on an answering machine is analogous to a letter left on a coffee table or mail opened by the wrong recipient and that the risk of disclosure to third parties in these situations does not exempt the debt collector from disclosing its identity. *Id.* Plaintiff further contends that any inconsistency in the two sections could be avoided by not leaving a message at all. *Id.* at 11–12.

In the *Joseph* cases, the debt collector "used an automated dialing system with a pre-recorded message to call [plaintiff]." *Joseph II* at 1158. In *Joseph I*, the court denied defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), concluding that if the allegations that defendant's employee "called using the alias 'Judy Green' without otherwise disclosing that she represented the debt collector or [creditor]," were true, this conduct would violate Cal. Civ.Code and 15 U.S.C. § 1692d(6). *Joseph I* at 1167. In so holding, the Court relied on the explanation of "meaningful disclosure" set forth in *Wright v. Credit Bureau of Georgia, Inc.*, 548 F.Supp. 591, 597 *on reconsideration* 555 F.Supp. 1005 (N.D.Ga.1983), which states that, "[t]he 'meaningful disclosure' required by section 1692d(6) has been made if an individual debt collector who is employed by a debt collection company accurately discloses the name of her employer and the nature of her business and conceals no more than her real name." *Id.*

In *Joseph II*, the court held that 15 U.S.C. 1692d(6) applies "equally to automated message calls and live calls." *Joseph II* at 1163. The Court reasoned that the plain language of both 15 U.S.C. § 1692d(6) and Cal. Civ.Code § 1788.11(b) indicates that the statutes "prohibit the *placement* of telephone calls without mean-

---

9. 15 U.S.C. § 1692c(b) provides:
 Except as provided in Section 804, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate in connec-

tion with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.
 15 U.S.C. § 1692d(6).

ingful disclosure." *Id.* (emphasis in original). Accordingly, because both live and automated calls are "placed" and the statutes do not distinguish between live and automated telephone calls, the court concluded that defendant's automated calls were subject to §§ 1692d(6) and 1788.11(b). *Id.* at 1164.[10]

In arriving at this conclusion, the court in *Joseph II* rejected defendant's argument that disclosing a debt collector's identity in an automated call would run afoul of statutes prohibiting debt collectors from disclosing information to third parties, in particular 15 U.S.C. §§ 1692c(b) and 1692f(7)-(8). *Id.* at 1163–64. The Court reasoned that inadvertent disclosure to third parties was less likely in the context of a telephone call to a debtor's residence than in cases where the nature of the collection notice is indicated on the outside of an envelope placed in the mail. *Id.*

▊ The Court finds the decision in *Joseph I* to be persuasive in that "meaningful disclosure" presumably requires that the caller must state his or her name and capacity, and disclose enough information so as not to mislead the recipient as to the purpose of the call or the reason the questions are being asked. *See* Ahart §§ 2:78 (citing *Joseph I*); 2:191 (citing *Joseph I*).[11] The Court concludes that defendant violated § 1692d(6) when its employees failed to disclose defendant's identity and the nature of defendant's business in the

messages left on plaintiff's answering machine. Accordingly, the Court, *sua sponte,* finds it appropriate to treat the matter as a motion for summary judgment by plaintiff and to grant plaintiff's motion to the extent that there is no disclosure of defendant's identity or the nature of defendant's business. However, to the extent that defendant seeks summary judgment on plaintiff's § 1692d claim, the Court finds summary judgment inappropriate for the reasons stated herein.

▊ Because the Court *sua sponte* raised the question as to whether summary judgment should be entered in favor of plaintiff, in its January 14, 2005 tentative order on the matter, it provided defendant with the opportunity to file further briefing demonstrating the existence of a genuine issue of material fact and plaintiff with the opportunity to reply. *See* Schwarzer § 14:55 (citing *Kassbaum v. Steppenwolf Prods., Inc.,* 236 F.3d 487, 494–95 (9th Cir.2000))(discussing requirement of notice to party when court raises summary judgment *sua sponte*). In response, on February 2, 2005, defendant filed an Offer of Judgment pursuant to Fed.R.Civ.P. 68. *See* Offer of Judgment.[12] On February 9, 2005, defendant filed a further response, stating that defendant has chosen not to present additional arguments. In light of defendant's position, the Court concludes that it is appropriate to grant summary judgment for plaintiff.

---

10. The court ultimately denied summary judgment, leaving the question of whether defendant violated 15 U.S.C. § 1692d(6) or Cal. Civ.Code § 1788.11(b) for trial. *Joseph II* at 1164.

11. The Court also finds *Joseph II* persuasive in holding that compliance with these identification statutes does not run afoul of statutes prohibiting debt collectors from communicating with third parties.

12. Plaintiff argues that defendant's Offer of Judgment is an attempt to circumvent the Court's tentative order permitting further briefing. *See* "Reply" to Defendant's Position Regarding the Court's January 14, 2005 Tentative Minute Report Regarding Defendant's Motion for Summary Judgment at 1–2. Defendant disputes that the Offer of Judgment was an attempt to circumvent the Court's order. *See* Defendants' Response at 1–2.

**(2) Section 1692e**

15 U.S.C. § 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.

(2) The false representation of—

(A) the character, amount, or legal status of any debt; or

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

(6) The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to—

(A) lose any claim or defense to payment of the debt; or

(B) become subject to any practice prohibited by this subchapter.

(7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

(12) The false representation or implication that accounts have been turned over to innocent purchasers for value.

(13) The false representation or implication that documents are legal process.

(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

(15) The false representation or implication that documents are not legal process forms or do not require action by the consumer.

(16) The false representation or implication that a debt collector operates or is employed by a consumer reporting agency as defined by section 1681a(f) of this title.

15 U.S.C. § 1692e.

### a. Section 1692e, generally

Defendant argues that it did not violate 15 U.S.C. § 1692e because its messages were entirely truthful, and therefore not false, deceptive or misleading. Mot. at 11. Plaintiff contends that the December 18, 2003 message from a person identified as Clarence Davis violates § 1692e, but does not set forth further argument in her brief. Pl.'s Statement ¶ 6.

██ The "least sophisticated debtor" standard applies to questions of violations of § 1692e. *Wade v. Reg'l Credit Assoc.,* 87 F.3d 1098, 1100 (9th Cir.1996); *Swanson v. S. Oregon Credit Service, Inc.,* 869 F.2d 1222, 1227 (9th Cir.1988).[13] The "least sophisticated debtor" is an objective standard.[14] *Swanson* at 1227.

██ The Court concludes that summary judgment is inappropriate as to § 1692e. Whether treated separately or taken as a whole, the Court concludes that defendant's messages, even if literally truthful, could lead a jury to find that defendant violated § 1692e based on facts not disclosed in the messages, as well as based upon the totality of information disclosed therein.

### b. Section 1692e(5)

Defendant contends that the "settlement and resolution of debts involve decisions by both creditors and debtors" and that therefore, the messages merely explained the state of affairs and did not constitute a "threat to take any action that cannot legally be taken or that is not intended to be taken." *Id.* at 12.

Plaintiff contends that the December 18, 2003 message from a person identified as

---

**13.** In addition to applying to § 1692e generally, in particular, the "least sophisticated consumer" standard applies to evaluate the nature of an alleged threat under § 1692e(5). *Swanson* at 1227.

**14.** In deciding questions under other sections of the FDCPA, the Ninth Circuit has held that whether language in a collection letter violates the FDCPA is a question of law. *Terran v. Kaplan,* 109 F.3d 1428, 1432 (9th Cir. 1997) ("The caselaw makes clear that the question whether language in a collection letter overshadows or contradicts the validation notice so as to confuse a least sophisticated debtor is a question of law."); *see also Van Westrienen v. Americontinental Collection Corp.,* 94 F.Supp.2d 1087, 1099 (D.Or.2000); *Baker v. Citibank (South Dakota) N.A.,* 13

F.Supp.2d 1037, 1041 (S.D.Cal.1998); *Perretta v. Capital Acquisitions & Mgmt. Co.,* No. C–02–05561 RMW, 2003 WL 21383757, at *3 (N.D.Cal. May 5, 2003); *Valdez v. Hunt and Henriques,* No. C01–01712 SC, 2002 WL 433595, at *2–3, 2002 U.S. Dist. LEXIS 4575, at *5–8 (N.D.Cal. Mar. 19, 2002). *Cf. Marshall–Mosby v. Corporate Receivables, Inc.,* 205 F.3d 323, 326 (7th Cir.2000)(noting that question of confusion under FDCPA is a question of fact rather than a question of law). While the Court recognizes these cases and the fact that the "least sophisticated debtor" is an objective standard, the Court nevertheless concludes that summary judgment is not appropriate as to these § 1692e claims for the reasons discussed herein.

Clarence Davis violates § 1692e(5), but does not set forth further argument in her brief.[15] Pl.'s Statement ¶ 6.

■ Again, the Court concludes that summary judgment is inappropriate as to § 1692e(5) because questions of fact exist regarding the content and context of defendant's messages as well as the inferences that a factfinder could draw from those messages.

### c. Section 1692e(10)

Defendant argues that it did not violate § 1692e(10) because the statements in the messages left on plaintiff's answering machine were truthful statements of fact. Mot. at 12.

Plaintiff responds, without providing evidentiary support, that defendant violated § 1692e(10) because its employees used false names and took pains to avoid disclosing that they were debt collectors. Opp'n at 14. Plaintiff argues that by failing to disclose its identity, defendant circumvented Congress's intent to permit consumers to "make an informed decision as to whether alleged debtors wish to speak with the debt collector." *Id.*

■ Plaintiff has not brought forth admissible evidence to support the assertion that false names were used. However, defendant, in its reply, admits that the caller identified in the pre-recorded messages used an alias, while the live caller

did not. Reply at 6, Declaration of Stewart Miller ¶¶ 3–5. Defendant's admission demonstrates that callers did, in fact, on certain occasions use aliases as argued by plaintiff. However, whether or not this constitutes a "false representation or deceptive means to collect or attempt to collect" a debt in violation of § 1692e(10) is a question of fact for the factfinder.

### d. Section 1692e(11) [16]

15 U.S.C. § 1692a(2) defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

Defendant argues that it has not violated 15 U.S.C. § 1692e(11) and that it is entitled to summary judgment because it is not subject to the requirements of § 1692e(11). Mot. at 5–6. Specifically, defendant contends that it is not subject to § 1692e(11) because § 1692e(11) only applies to "communications." Mot. at 5–6. Defendant contends that the messages left on plaintiff's answering machine do not constitute "communications" because they did not "convey[ ] information regarding a debt directly or indirectly to any person." *Id.*

Plaintiff responds that Congress intended to require all debt collectors to identify themselves in all communications, including those at issue in this case.[17] Opp'n at

---

**15.** Plaintiff argues that the dispute over whether the December 18, 2003 message used the word "file" or "trial" is relevant because the use of the word "trial" implies legal action or that the caller is an attorney, especially under the "least sophisticated debtor" standard. Opp'n at 16.

**16.** Plaintiff also contends that defendant has violated 15 U.S.C. §§ 1692e(3) and 1692e(4) but neither defendant or plaintiff address these alleged violations in their briefs. Pl.'s Statement ¶ 6.

**17.** Plaintiff contends that Congress' inclusion of both "initial communications" and "subsequent communications" demonstrates that disclosure is required in all types of messages. Opp'n at 4. However, the Ninth Circuit has held that, where the debtor already knows the identity of the debt collector, follow-up notices from the debt collector which demand payment as earlier requested do not require compliance with § 1692e(11). *Pressley v. Capital Credit & Collection Serv.,* 760 F.2d 922, 925 (9th Cir.1985) ("We therefore hold that the follow up notice sent in this case is

4. Plaintiff argues that the contents of defendant's messages are "directly or indirectly" in regard to a debt. *Id.* at 5–6. Plaintiff urges the Court to consider the purpose of the FDCPA to protect consumers and the potential for debt collectors to circumvent the protections of FDCPA by leaving messages that do not fall within defendant's narrow interpretation of "communication." *Id.* at 6–7.

■ The Court concludes that the messages left by defendant on plaintiff's answering machine constitute "communications." The messages at issue appear to fall within § 1692a(2)'s definition of "communication." *See* Ahart § 2:43 (citing FTC Staff Commentary on FDCPA, 53 Fed.Reg. 50103 (Dec. 13, 1988)) (rejecting contentions that "contacts that do not explicitly refer to the debt are not 'communications' and, hence, do not violate any provision where that term is not used" and concluding that some contacts that do not mention debt may refer to the debt "indirectly," thereby constituting communications). While the messages may not technically mention specific information about a debt or the nature of the call, § 1692a(2) applies to information conveyed "directly or indirectly." Defendant conveyed information to plaintiff, including the fact that there was an important matter that she should attend to and instructions on how to do so. Defendant further admits that the calls were merely the first step in a process designed to communicate with plaintiff about her alleged debt. Mot. at 14; McCusker Decl. ¶ 3.

■ Because it appears that defendant's messages are "communications" subjecting defendant to the provisions of § 1692e(11), it also appears that defendant has violated § 1692e(11) because the messages do not convey the information required by § 1692e(11), in particular, that the messages were from a debt collector.[18] Accordingly, the Court, *sua sponte*, finds it appropriate to treat the matter as a motion for summary judgment by plaintiff and to grant plaintiff's motion.[19] However, to the extent that defendant seeks summary judgment on plaintiff's § 1692e claim, the Court finds summary judgment inappropriate for the reasons stated herein.

**(3) Section 1692f**

■ 15 U.S.C. § 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The statute enumerates conduct that may constitute a violation of 15 U.S.C. § 1692f but does not limit the general applicability of the language quoted above to the types of conduct specifically described in the statute. The "least sophisticated debtor" standard applies to questions of violations of § 1692f. *Wade*, 87 F.3d at 1100; *Van Westrienen*, 94 F.Supp.2d at 1099.

Defendant argues that it did not violate § 1692f because the statements in the messages on plaintiff's answering machine were truthful, did not constitute harass-

not a 'communication' within which the disclosure required by 15 U.S.C. § 1692e(11) must be made."); *see also Tenorio v. Reliable Collection Agency, Inc.*, No. Civ. 02–0038, 2003 WL 23150110 (D.N.Mar.I. Dec. 31, 2003) (citing *Pressley* at 923–25; *Newman v. Checkrite California, Inc.*, 912 F.Supp. 1354, 1381 (E.D.Cal.1995)).

18. Defendant appears to concede that if its messages are considered "communications," it was obligated to comply with § 1692e(11). Mot. at 5; Opp'n at 4.

19. As already discussed herein, in light of the fact that defendant has declined to submit further argument on this matter, the Court finds that it is appropriate to grant summary judgment.

ment or abuse, and did not constitute threats to take actions that cannot legally be taken or that were not intended to be taken. Mot. at 12.

Plaintiff argues that using a false name and implying that plaintiff would have legal problems if she did not return defendant's telephone call constitutes "unfair, and probably unconscionable conduct on the part of [d]efendant." Opp'n at 15.

■■■ Again, viewing defendant's messages as a whole and in the proper context, the Court concludes that summary judgment is not appropriate as to plaintiff's § 1692f claim because a reasonable factfinder could conclude that defendant has violated § 1692f.

**B. Rosenthal Act.**

Similar to the FDCPA, the purpose of the Rosenthal Act is "to prohibit debt collectors from engaging in unfair or deceptive practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts . . . ." Cal. Civ.Code § 1788.1(b).

**(1) Cal. Civ.Code § 1788.11(b)** [20]

Cal. Civ.Code § 1788.11(b) provides:

No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:

. . . . .

(b) Placing telephone calls without disclosure of the caller's identity, provided that an employee of a licensed collection agency may identify himself by using his registered alias name as long as he correctly identifies the agency he represents . . . .

Cal. Civ.Code § 1788.11(b).

Defendant argues that its messages did not violate § 1788.11(b) because defendant was not attempting to collect a debt when it called plaintiff. Mot. at 14. Rather, defendant contends that it was merely trying to persuade plaintiff to contact defendant who would subsequently attempt to collect plaintiff's debt. *Id.* Defendant argues that *Joseph II* was erroneous and that "[t]he mere fact the message was left does not mean that the telephone call was placed in an attempt to collect a debt" in violation of § 1788.11(b). *Id.; see Joseph II*, 281 F.Supp. at 1163.

Plaintiff further responds that defendant violated § 1788.11(b) for the following reasons: defendant "placed calls" to plaintiff; defendant did not provide its name or the name of the debt collector; and defendant does not fall within § 1788.11(b)'s exception because defendant is not a registered collection agency and it has not registered its employees' aliases. Opp'n at 9.

■■■ Because defendant's employees did not disclose defendant's identity and

---

**20.** Cal. Civ.Code § 1788.13(a) provides:

No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:

(a) Any communication with the debtor other than in the name either of the debt collector or the person on whose behalf the debt collector is acting . . . .

Cal. Civ.Code § 1788.13(a). Defendant does not address this section of the California Civil Code. Plaintiff contends that defendant violated § 1788.13(a) because its employees used aliases and did not disclose their employer's name or the nature of their business. Opp'n

at 10. Because defendant does not move for summary judgment with regard to § 1788.13(a), the Court does not consider whether this section has been violated. Similarly, plaintiff contends in her Statement of Genuine Issues that defendant violates Cal. Civ.Code §§ 1788.13(b), 1788.13(i) and 1788.17(j). Pl.'s Statement ¶ 7. Plaintiff further contends in her opposition that defendant's December 18, 2003 message additionally violates 15 U.S.C. §§ 1692e(3), 1692e(4). For the same reason, the Court need not address these issues.

because defendant admits that the telephone messages were the first step in an attempt to collect a debt from plaintiff, the Court, *sua sponte,* concludes that summary judgment should be granted in favor of plaintiff.[21] Mot. at 14.[22]

### (2) Cal. Civ.Code § 1788.17

Cal. Civ.Code § 1788.17 provides in pertinent part:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal.[23]

Cal. Civ.Code § 1788.17.

Defendant argues that "[b]ecause Defendant did not violate the FDCPA, Defendant necessarily did not violate Civil Code § 1788.17." Mot. at 13 (emphasis in original).

Plaintiff contends that defendant violated § 1788.17 for the same reasons set forth in connection with its FDCPA claims discussed above. Opp'n at 15.

Because defendant has violated the FDCPA for the reasons stated herein, the Court concludes that defendant has also violated Cal. Civ.Code § 1788.17. Accordingly, the Court, *sua sponte,* finds it appropriate to treat the matter as a motion for summary judgment by plaintiff and to grant plaintiff's motion for summary judgment on this claim.[24]

### V. CONCLUSION

For the reasons stated herein, the Court, hereby GRANTS summary judgment in favor of plaintiff with regard to plaintiff's claims arising under 15 U.S.C. §§ 1692d(6) and 1692e(11) and plaintiff's Cal. Civ.Code §§ 1788.11(b) and 1788.17 claims. Defendant's motion for summary judgment is otherwise DENIED.

IT IS SO ORDERED.

---

**21.** Use of aliases without further disclosure that the caller is a debt collector constitutes a violation of both the federal and California statutes. Ahart §§ 2:78, 2:191.

**22.** As already discussed herein, in light of the fact that defendant has declined to submit further argument on this matter, the Court finds that it is appropriate to grant summary judgment.

**23.** 15 U.S.C. § 1692a (6) subsections (A) and (B) read as follows:

> (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;

> (B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts. . . .

15 U.S.C. § 1692a(6)(A)-(B).

**24.** As already discussed herein, in light of the fact that defendant has declined to submit further argument on this matter, the Court finds that it is appropriate to grant summary judgment.